UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number:
07-22728-CIV-MORENO

CARLOS M. BOUZA, Individually and as Husband and Legal Guardian of JANET A. BOUZA, Incapacitated and as Natural Father and Legal Guardian of Melissa and Michelle Bouza, Minors,

    Plaintiffs,

vs.

FORD MOTOR COMPANY, a foreign corporation,

    Defendant.
_____/

## ORDER GRANTING MOTION TO REMAND

THIS CAUSE came before the Court upon Plaintiff's Motion to Remand **(D.E. No. 3)**, filed on **October 26, 2007**.

THE COURT has considered the motion, response, reply to the response and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is **GRANTED**.

### I. BACKGROUND

Plaintiffs suffered injury when their 2001 Ford Explorer rolled over after a roadway collision. They brought this products liability action in state court on November 15, 2005 against Defendant Ford Motor Company ("Ford"), the manufacturer of the automobile, and Defendant Homestead Ford, Inc. d/b/a Armstrong Ford of Homestead ("Homestead"), the seller of the automobile. The action has

remained pending, unabated, and in discovery since that time. On September 25, 2007, Plaintiffs voluntarily dismissed Defendant Homestead, the Florida dealership from which Plaintiffs purchased the automobile. On October 16, 2007, Ford filed a Notice of Removal (D.E. No. 1), basing removal on diversity jurisdiction under 28 U.S.C. § 1332(a)(1) because Homestead, the resident defendant, was no longer a party in the case. Plaintiffs are Florida residents, Ford is incorporated in Delaware with its principal place of business located in Michigan, and the amount in controversy exceeds $75,000; together these elements meet the criteria for diversity jurisdiction. On October 26, 2007, Plaintiffs filed their Motion to Remand (D.E. No. 3). Plaintiffs argue that Ford's removal is time-barred under 28 U.S.C. § 1446(b) because this action has remained pending for more than one year after commencement.

## II.  ANALYSIS

Under 28 U.S.C. § 1446(b), a case "may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than one year after commencement of the action." The one year period is an outer limit on removal according to the statute's commentary. 28 U.S.C. § 1446 cmt. (1988). This case was removed 22 months after it was filed, well after the one year limit contained in § 1446(b). The Court does not accept Ford's argument that it should retain jurisdiction.

**A. Equitable Tolling**

While Ford highlights cases that suggest the § 1446(b) time limit can be equitably tolled or waived, Ford does not offer a sufficient rationale for the Court to do so here. Ford relies most heavily on <u>Tedford v. Warner-Lambert Co.</u>, a Fifth Circuit decision that found § 1446(b)'s one-year limit subject to equitable exception. 327 F.3d 423, 424 (5th Cir. 2003). The <u>Tedford</u> court found that "[s]trict application of the one-year limit would encourage plaintiffs to join nondiverse defendants

for 366 days simply to avoid federal court," at which point the plaintiffs could then drop the nondiverse straw defendants and proceed in state court, immune from removal. Id. at 427. In such a case, equity might require that the § 1446(b) limit be extended. Id. a 428-29.

Ford claims that Plaintiffs in this case named the nondiverse defendant, Homestead, simply to defeat diversity similar to the Tedford case. As grounds for this, Ford argues that Plaintiffs' Complaint specifically cited 28 U.S.C. § 1332 in order to defeat diversity and the Defendants' ability to remove the case. The Court is not convinced by this assertion. After all, Homestead sold Plaintiffs the product that they allege is defective and theoretically Homestead may have been found liable as a result. Though Homestead was ultimately dismissed, this does not mean that the dealership was added only to defeat diversity jurisdiction in the original Complaint.

Ford also claims that Plaintiffs waited until the 28 U.S.C. § 1446(b) one-year time limit expired to dismiss Homestead in order to preclude Defendant from removing this case. The Court would be more willing to entertain this argument if Homestead was dismissed shortly after 365 days had expired. However, it was nearly a year after the removal cutoff date that Plaintiffs actually dismissed Homestead. Ford does not present sufficient facts showing that equitable tolling is merited and the Court does not find statutory manipulation in this case.

**B. Burns v. Windsor Insurance Co.**

The Eleventh Circuit addressed the issue of removal beyond the 28 U.S.C. § 1446(b) time limit in Burns. 31 F.3d 1092 (11th Cir. 1994). The Burns court stated that the defendant could not remove after one year and further noted that if such a result is not good policy, it should be addressed by way of congressional rather than judicial action. Id. at 1094 n.4. The court also remarked that "removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction,

uncertainties are resolved in favor of remand." Id. At 1095.  Burns was remanded so as to promote consistent application of the rule set forth in 28 U.S.C. § 1446(b).  Id. at 1097.  In accordance with the binding precedent of Burns, the instant case is now remanded.

### III.  CONCLUSION

Equity does not require tolling of the  28 U.S.C. § 1446(b) one-year limit on removal in this case.  Moreover, Burns is binding upon this Court and mandates remand.  The Clerk of the Court is ordered to transfer this case and the court file to the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.  The Clerk shall close the case.

DONE AND ORDERED in Chambers at Miami, Florida, this 28 day of November, 2007.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record